UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROY LEE PARKER,                                          :

              Petitioner,                          :     **OPINION AND ORDER**
                                                               05 Civ. 3347 (GWG)
   -v.-                                                  :

THE STATE OF NEW YORK and                                :
JOHN J. DONELLI,
                                                         :
              Respondents.
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Roy Lee Parker, proceeding pro se, brings this petition for a writ of habeas corpus challenging his July 2001 conviction in the Supreme Court of the State of New York, New York County, following a jury trial, for Criminal Sale of a Controlled Substance in the Third Degree (New York Penal Law ("N.Y.P.L.") § 220.39(1)), Criminal Possession of a Controlled Substance in the Third Degree (N.Y.P.L. § 220.16(1)), and Criminal Sale of a Controlled Substance in or near School Grounds (N.Y.P.L. § 220.44(2)).  Parker was sentenced to concurrent, indeterminate prison terms of four-and-a-half to nine years on each count.  Parker is currently incarcerated at Lyon Mountain Correctional Facility.  The parties have consented to the disposition of this case by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  For the reasons stated below, the petition is denied.

I. INTRODUCTION

    A. The Trial

The facts presented at trial are of limited relevance to this petition. We set them forth briefly only to provide some context for Parker's claims.

On September 26, 2000, members of the Manhattan North Narcotics squad participated in an undercover buy-and-bust operation on Hamilton Place between West 137th and West 138th Streets in Manhattan. (Piliouras: T. 21-23).[1] One of the officers approached an individual named Jamal Lee and asked him if he was "working." (Piliouras: T. 28). Lee called over Parker, who had been standing 5 to 7 feet away, and asked him if he knew the officer. (Piliouras: T. 28-29). Parker replied, "Yeah, he's cool." Parker then asked the officer, "How many you want?" The officer responded, "Let me have $20." (Piliouras: T. 29). Parker turned around and walked to a third man, later identified as James Foye, who handed him a small purple Ziploc bag of what was later determined to be crack cocaine. (Piliouras: T. 29; Lin: T. 161-62). Parker returned to the officer and requested the money. The officer gave him $20 of pre-recorded buy money, and Parker handed him the bag. (Piliouras: T. 30-31). Officers then placed the three men under arrest. (Chalmers: T. 116-17). Ten dollars of pre-recorded buy money was recovered from Lee's pocket. (Chalmers: T. 129-30). The drug sale took place approximately six feet from a school, P.S. 192. (Chalmers: T. 144-46). On July 30, 2001, the jury convicted Parker on all charges. (T. 218-20). On August 27, 2001, the court sentenced Parker to concurrent prison terms of four-and-a-half to nine years on each count. (S. 5-6).

---

[1] "T." refers to the transcript of Parker's trial, held July 26 and 30, 2001. "S." refers to the transcript of Parker's sentencing, held August 27, 2001. Both transcripts are contained in Docket #9.

B. Other State Proceedings

1. Habeas Petition

On May 22, 2001, prior to the commencement of his trial, Parker filed a pro se petition in state court for a writ of habeas corpus. While this petition borders at times on the incomprehensible, it appears to have raised the following grounds: (1) there had been a violation of the state's "speedy trial" statute; (2) the court unlawfully displayed a military flag; and (3) the indictment was defective because it did not contain adequate pleadings under the Public Health Law. See Verified Petition, dated May 22, 2001, and attached pages (reproduced in Ex. A to Declaration in Opposition to Petition for a Writ of Habeas Corpus, filed Nov. 2, 2005 (Docket #8) ("Opp. Decl.")). The State opposed the petition on speedy trial grounds and did not address the other grounds raised. See People's Response to Defendant's Writ of Habeas Corpus (30.30 issues only), dated July 6, 2001 (reproduced as Ex. B to Opp. Decl.), at 2-7. The trial court denied the petition on July 19, 2001, just prior to trial, holding that "[t]he only issue meriting consideration is the speedy trial claim which, from the People's response, appears to be without merit." See Writ of Habeas Corpus, dated July 19, 2001 (reproduced as Ex. C to Opp. Decl.). On August 20, 2001, just after his conviction, Parker sought leave to appeal this denial to the Appellate Division, First Department. The Appellate Division denied the motion as moot on November 8, 2001. The New York Court of Appeals subsequently dismissed Parker's motion for leave to appeal on April 30, 2002. See Exs. D, E, and F to Opp. Decl.

2. Direct Appeal

In November 2003, Parker, through appellate counsel, submitted his brief in support of

the direct appeal of his conviction. He argued that: (1) he was arrested and searched without probable cause; (2) the verdict was against the weight of the evidence; and (3) the charge of Criminal Sale of a Controlled Substance in the Third Degree should be dismissed as a "non-inclusory concurrent count" to the charge of Criminal Sale of a Controlled Substance in or near School Grounds. See Brief for Defendant-Appellant, dated Nov. 2003 (reproduced as Ex. G to Opp. Decl.), at 14-27. Parker also filed pro se a supplemental brief in which he argued that he was arrested without probable cause and that all of the seized evidence should have been suppressed. See Supplementary Brief, dated Oct. 24, 2003 (reproduced as Ex. I to Opp. Decl.).

The State argued in response that: (1) Parker's guilt was proven beyond a reasonable doubt and the verdict was not against the weight of the evidence; (2) the hearing court properly denied Parker's motion to suppress the physical evidence; and (3) the interest of justice would not be served by dismissal of the third-degree sale count of the indictment. See Brief for Respondent, dated Apr. 2004 (reproduced as Ex. H to Opp. Decl.), at 13-35.

The Appellate Division, First Department, affirmed Parker's conviction on June 22, 2004. See People v. Parker, 8 A.D.3d 149 (1st Dep't 2004). The court held that the verdict was not against the weight of the evidence, and stated that "[i]ssues of credibility, including the weight to be given to inconsistencies in testimony, were properly considered by the jury and there is no basis for disturbing its determinations." Id. at 149 (citation omitted). The court also found that the trial court had properly denied Parker's motion to suppress, noting that the Appellate Division had "repeatedly rejected the precise argument raised by defendant concerning the sufficiency of an undercover officer's radio transmissions in a multiple-participant drug transaction." Id. (citation omitted).

Finally, the court declined to invoke its interest-of-justice jurisdiction to dismiss the "noninclusory concurrent count," and stated that it had "considered and rejected" Parker's remaining claims, "including those contained in his pro se supplemental brief." Id.

On September 20, 2004, the Court of Appeals denied Parker's leave to appeal. People v. Parker, 3 N.Y.3d 710 (2004).

### 3. Motion to Set Aside Sentence

On January 15, 2005, Parker, proceeding pro se, moved the trial court to set aside his sentence following the amendments to New York's law on drug sentencing. See Notice of Motion C.P.L. 440.20, (1) [sic], dated Jan. 15, 2005 (reproduced as Ex. M to Opp. Decl.). On March 10, 2005, the trial court denied the motion on the ground that the amendments did not apply to Parker's sentence. See Decision, Order & Judgment, dated Mar. 10, 2005 (reproduced as Ex. O to Opp. Decl.), at 6-7.

C. The Instant Petition

Parker timely submitted his amended habeas petition on May 31, 2005. See Petition Under 28 USC § 2254 for Writ of Habeas Corpus by a Person in State Custody, and attached pages 1-10, filed June 3, 2005 (Docket #3) ("Petition").[2] In it he claims the following grounds for relief: (1) the trial court lacked subject matter jurisdiction; (2) the indictment was defective; (3) Parker was unlawfully tried under a military flag; and (4) the Appellate Division wrongfully

---

[2]The Court has pencilled in page numbers to the attachment for ease of reference.

Parker's original habeas petition, filed on January 6, 2005 (Docket #1), was returned to him on March 30, 2005, for failure to comply with Rule 2(c) of Rules Governing Section 2254 Cases in the United States District Courts, and Parker was given 60 days to amend it or face dismissal under Rule 2(e). See Order, dated Mar. 30, 2005 (Docket #2).

5

declined to consider these three claims when it adjudicated Parker's state habeas petition. See Petition at 1-10. Respondents filed opposition papers on November 2, 2005. See Respondents' Memorandum of Law in Opposition to Petition for a Writ of Habeas Corpus, dated Nov. 2, 2005 (Docket #7) ("Resp. Mem."); Opp. Decl. Parker thereafter filed reply papers. See Notice of Motion, Declaration in Support of Petition and Memorandum of Law in Reply to Respondent's Answer, filed Jan. 30, 2006 (Docket #15).

## II. STANDARD OF REVIEW

A petition for a writ of habeas corpus may not be granted with respect to any claim that has been "adjudicated on the merits" in the state courts unless the state court's adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

For a claim to be adjudicated "on the merits" within the meaning of 28 U.S.C. § 2254(d), it must "finally resolv[e] the parties' claims, with res judicata effect," and it must be "based on the substance of the claim advanced, rather than on a procedural, or other, ground." Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir. 2001) (internal quotation marks and citations omitted). As long as "there is nothing in its decision to indicate that the claims were decided on anything but substantive grounds," a state court decision will be considered to be "adjudicated on the merits" even if it fails to mention the federal claim and no relevant federal case law is cited. See Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001) (internal quotation marks omitted); accord Rosa v. McCray, 396 F.3d 210, 220 (2d Cir. 2005) ("This standard of review applies whenever

the state court has adjudicated the federal claim on the merits, regardless of whether the court has alluded to federal law in its decision.").

In Williams v. Taylor, the Supreme Court held that a state court decision is "contrary to" clearly established federal law only "if the state court applies a rule that contradicts the governing law set forth" in Supreme Court precedent or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives" at a different result. 529 U.S. 362, 405-06 (2000). Williams also held that habeas relief is available under the "unreasonable application" clause only "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. A federal court may not grant relief "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411. Rather, the state court's application must have been "objectively unreasonable." Id. at 409.

In addition, under 28 U.S.C. § 2254(a), federal habeas review is available for a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Errors of state law are not subject to federal habeas review. See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). To be entitled to habeas relief a petitioner must demonstrate that the conviction resulted from a state court decision that violated federal law. See, e.g., id. at 68.

III. DISCUSSION

Respondent argues that Parker did not exhaust any of the claims in his federal habeas petition, as required by 28 U.S.C. § 2254(b)(1), inasmuch as he raised them only in his state

habeas petition and not on his direct appeal.  See Resp. Mem. at 9.  It is not necessary to reach this issue because none of Parker's claims has merit and a federal habeas court has power to deny a habeas petition on the merits, even if it contains unexhausted claims.  See 28 U.S.C. § 2254(b)(2); Aparicio v. Artuz, 269 F.3d 78, 91 n.5 (2d Cir. 2001).

Each of Parker's four claims is discussed below.

A. Subject Matter Jurisdiction of State Court

It is difficult to discern the basis of this particular claim, though it appears to rest on his contention that no charging instrument named a victim of his crime.  See Petition at 1-2. ("there existed 'no damaged party,' namely a [corpus delicti] whom the petitioner had deprived of any of the enumerated Liberties . . .") (capitalization removed).  There is no constitutional requirement, however, that a criminal charge have a victim.

Parker also asserts that his trial court's jurisdiction was "not defined in the published rules of the court."  See Petition at 2.  No facts or comprehensible arguments have been submitted to support this claim, however, and thus it must be rejected.

B. Sufficiency of the Indictment

Parker next contends that his state indictment was "fatally defective" in that it "failed to adequately apprise petitioner of the nature of said accusations of which he was charged."  See Petition at 3.

As the Second Circuit has held, "[a]n indictment is sufficient when it charges a crime [1] with sufficient precision to inform the defendant of the charges he must meet and [2] with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events."  DeVonish v. Keane, 19 F.3d 107, 108 (2d Cir.), cert. denied, 513 U.S. 841 (1994)

8

(citations and quotation marks omitted). Here, Parker's indictment stated that Parker and his co-defendants "in the County of New York, City of New York, on or about September 26, 2000, knowingly and unlawfully sold to a police officer . . . cocaine." See Indictment, undated (reproduced as Ex. R to Opp. Decl.). It further charged that this sale took place "upon school grounds" and that Parker "possessed" the cocaine. Id. The indictment also listed the names and statutory citations of the three crimes Parker was charged with. Id. This was sufficient to inform Parker of the charges against him. See, e.g., DeVonish, 19 F.3d at 109 (indictment need only "do little more than track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime") (citations omitted).

### C. Display of the Military Flag

Parker claims that the trial court acted illegally because of its "display of the Military Flag." See Petition at 4. This claim appears to be based on the contention that the flag at one or more of his court appearances had "a yellow fringe boarder [sic] on three sides," and that this display somehow rendered the court without jurisdiction over him. See Petition at 5, 6-9. Apparently, this is not the first time a litigant has attributed significance to fringe on a courtroom flag and has sought to assert that a court lacked jurisdiction for that reason. See McCann v. Greenway, 952 F. Supp. 647, 650 (W.D. Mo. 1997) (citing cases). It is not necessary to delve into this issue further, however. It is enough to say that there is no clearly established federal law barring a state criminal trial from occurring in a courtroom containing a particular type of flag.

### D. Dismissal of Appeal of Denial of State Habeas Petition

Parker's final claim is that he "was denied the right to appeal [these] claims" to the

Appellate Division, which dismissed his state habeas petition as moot following his conviction. See Petition at 10; Ruling, dated Nov. 8, 2001 (reproduced as Ex. E to Opp. Decl.). However, "procedural errors in state post-conviction proceedings are not cognizable on federal habeas review." Guzman v. Couture, 2003 WL 165746, at *13-*14 (S.D.N.Y. Jan. 22, 2003). This is the rule in all but one circuit to consider the issue, and while the Second Circuit has not explicitly addressed it, other judges in this district have repeatedly followed the majority rule and we too follow it here. See, e.g., Guzman, 2003 WL 165746, at *13-*14; Calderon v. Keane, 2002 WL 1205745, at *6 (S.D.N.Y. Feb. 21, 2002) ("Claims that focus only on the state's post-conviction remedy and not on the conviction which is the basis for his incarceration are not cognizable on habeas review.") (Report and Recommendation adopted by, 2003 WL 22097504 (S.D.N.Y. Sept. 9, 2003)); Diaz v. Greiner, 110 F. Supp. 2d 225, 235-36 (S.D.N.Y. 2000). In any case, Parker was free to raise any claims of error by the trial court on the direct appeal of his conviction and thus he was not prejudiced by any alleged violation.

## Conclusion

For the foregoing reasons, Parker's petition is denied. Because Parker has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c). In addition, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith.

The Clerk is requested to enter judgment accordingly.

SO ORDERED.

Dated: April 5, 2006
      New York, New York

                                                       _____
                                                       GABRIEL W. GORENSTEIN
                                                       United States Magistrate Judge

Copies sent to:

Roy Lee Parker
01-A-5148
Lyon Mountain Correctional Facility
3864 Route 374
Lyon Mountain, NY 12952

Michelle Maerov
Assistant Attorney General
120 Broadway
New York, NY 10271

Dated: April 5, 2006
      New York, New York

                              GABRIEL W. GORENSTEIN
                              United States Magistrate Judge

Copies sent to:

Roy Lee Parker
01-A-5148
Lyon Mountain Correctional Facility
3864 Route 374
Lyon Mountain, NY 12952

Michelle Maerov
Assistant Attorney General
120 Broadway
New York, NY 10271